# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| REGINA E. LEE,<br>　　　　　Appellant,<br><br>　　　　v.<br><br>DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DOCKET NUMBER<br>DA-0752-15-0388-I-1<br><br><br>DATE: September 15, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Regina E. Lee, DeSoto, Texas, pro se.

Laura J. Carroll, Esquire, Saint Albans, Vermont, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        Effective March 16, 2008, the agency converted the appellant from a term appointment to an excepted-service appointment as a GS-9 Adjudication Officer under the Federal Career Intern Program (FCIP).[2] Initial Appeal File (IAF), Tab 10 at 15-16. The Standard Form 50 (SF-50) documenting her FCIP appointment indicated that her appointment was not to exceed 2 years and that, upon satisfactory completion of the internship, she "may be noncompetitively converted to a career or career‑conditional appointment." *Id.* at 16. By letter dated March 5, 2010, the agency informed the appellant that her FCIP appointment would end effective March 15, 2010, and that she would not be converted to a competitive service position.[3] IAF, Tab 9 at 6-7. The letter stated that, because she did not have prior career or career‑conditional status, the

---

[2] The FCIP was abolished effective March 1, 2011. Recruiting and Hiring Recent Graduates, Exec. Order No. 13,562, 75 Fed. Reg. 82,585, 82,588 (Dec. 27, 2010).

[3] The March 5, 2010 letter replaced a letter that the appellant received on February 16, 2010, also advising her of the expiration of her appointment. IAF, Tab 9 at 4‑7.

expiration of her FCIP appointment represented the termination of her current Federal service. *Id.* at 6.

¶3        Over 5 years later, on May 21, 2015, the appellant appealed her termination to the Board and requested a hearing.[4]  IAF, Tab 1.  The administrative judge informed the appellant of her burden to establish jurisdiction over a termination upon the expiration of a FCIP appointment and ordered her to show cause why her appeal should not be dismissed for lack of jurisdiction.[5]  IAF, Tab 14.  After considering the appellant's response, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing.  IAF, Tab 16, Initial Decision (ID).  The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response.  Petition for Review (PFR) File, Tabs 1, 3-4.

¶4        Appointments under the FCIP automatically expire at the end of the intern's tour of duty on the last day of her internship, i.e., the day before the 2‑year anniversary date of the appointment, unless the agency takes affirmative steps to

---

[4] The record reflects that, prior to filing this Board appeal, the appellant unsuccessfully challenged her termination upon the expiration of her FCIP appointment through the equal employment opportunity complaint process.  IAF, Tab 5 at 58-60, Tab 8 at 5.

[5] The administrative judge originally assigned to this appeal also issued orders on jurisdiction and timeliness and directed the appellant to submit evidence and argument amounting to a nonfrivolous allegation of jurisdiction and showing that her appeal was timely filed or that good cause existed for the filing delay.  IAF, Tab 2 at 2-5, Tab 3.  Both parties responded.  IAF, Tabs 5, 8-10, 12.  The first order on jurisdiction did not provide the appellant with the complete jurisdictional burden applicable to her termination upon the expiration of her FCIP appointment, instructing her only of her burden to show that she was an employee with Board appeal rights pursuant to 5 U.S.C. § 7511.  IAF, Tab 2 at 2-5.  As discussed below, an employee appointed under the FCIP must make additional showings to establish Board jurisdiction over her termination when her FCIP appointment expires.  Nonetheless, this adjudicatory error did not prejudice the appellant because she was later advised of her correct burden of proof.  IAF, Tab 14; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

extend the appointment or convert it to the competitive service.  *See Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 10 (2011).  If the intern is not converted at the end of the internship period, then her FCIP internship appointment generally terminates with no further right to Federal employment.  *Id.*; *Scull v. Department of Homeland Security*, 113 M.S.P.R. 287, ¶ 6 (2010).

¶5        Because an FCIP intern's termination upon the expiration of her appointment merely carries out the terms of the appointment, the termination is generally not an adverse action appealable to the Board.  *Scull*, 113 M.S.P.R. 287, ¶ 7.  However, the Board has recognized an exception to this general rule.  An FCIP intern may establish jurisdiction over her termination upon the expiration of her FCIP appointment by showing by preponderant evidence that:  (1) she held a career or career-conditional appointment in the same agency immediately prior to her FCIP appointment; (2) her failure to complete the internship successfully was for reasons unrelated to misconduct or suitability; and (3) she is an "employee" within the meaning of 5 U.S.C. § 7511.  *Id.*, ¶ 17.

¶6        Here, the administrative judge found that it was undisputed that the appellant served under a term appointment prior to entering the FCIP and that, because a term appointment is not a career or career-conditional appointment, the appellant failed to make a nonfrivolous allegation that she met the first jurisdictional element.  ID at 3 (citing 5 C.F.R. § 315.201).  Thus, he concluded that the appellant could not meet the exception to the general rule that a termination upon expiration of a FCIP appointment is not appealable to the Board and dismissed the appeal for lack of jurisdiction.  ID at 3.

¶7        On review, the appellant challenges the administrative judge's determination that the Board lacks jurisdiction over this appeal, arguing that:  she was an employee under 5 U.S.C. § 7511 and was not serving a probationary period while she occupied the FCIP internship; she successfully completed her internship; she had a reasonable expectation that she would be converted to a career or career-conditional appointment at the end of her internship; and the

agency violated her due process rights. PFR File, Tab 1 at 4-17, Tab 4 at 4-15. Even if true, however, these assertions provide no basis to disturb the initial decision.[6]

¶8      As the administrative judge correctly determined, the undisputed documentary evidence shows that the appellant is unable to establish the first jurisdictional element set forth above because she did not hold a career or career‑conditional appointment with the agency immediately prior to her FCIP appointment. *See Rivera*, 116 M.S.P.R. 429, ¶ 15. Rather, the record reflects that she held a term appointment under tenure group III in the competitive service. IAF, Tab 10 at 15; *see Rivera*, 116 M.S.P.R. 429, ¶ 15 (citing 5 C.F.R. § 351.501(b) for the proposition that tenure group III is reserved for employees who lack career or career-conditional status, such as those on term appointments and 5 C.F.R. § 315.201(a) for the proposition that an individual employed in the competitive service for other than temporary, term, or indefinite employment is appointed as a career or career-conditional employee). Because the appellant did not hold a career or career-conditional appointment in the agency immediately prior to her FCIP appointment, she was not entitled to placement when the agency decided not to convert her appointment. *See Rivera*, 116 M.S.P.R. 429, ¶ 15. Therefore, as the administrative judge correctly found, the Board lacks jurisdiction over the appellant's termination appeal. *See id.* Additionally,

---

[6] Although not relevant to the dispositive issue here, we find unavailing the appellant's contention that she had a reasonable belief that her internship would be converted to a permanent position. As noted above, the SF-50 documenting her FCIP appointment indicated that her appointment "may" be noncompetitively converted to a career or career‑conditional appointment upon satisfactory completion of the internship. IAF, Tab 10 at 16. Moreover, the record reflects that, prior to her FCIP appointment, the agency required the appellant to review and sign an "Acknowledgment Form Conditions of Employment," which explained that, upon satisfactory completion of the internship, her appointment "*may* be made permanent in the competitive service," but that her "placement in the competitive service is neither promised, guaranteed, nor an entitlement." IAF, Tab 5 at 37 (emphasis added). The appellant signed the acknowledgment form indicating that she understood and accepted the conditions of the FCIP appointment on January 10, 2008. *Id.* at 38.

because the Board lacks jurisdiction over the appeal, we lack jurisdiction to hear her claim that the agency violated her due process rights. *See id.*, ¶ 16.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:            _____
                                                Jennifer Everling
                                                Acting Clerk of the Board

Washington, D.C.